LDA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**MICHAEL R. KNERR,**
Plaintiff

v.

**INTERVARSITY CHRISTIAN FELLOWSHIP/USA**
Defendant

CA 07 92 ML
C.A. NO. ___________

**COMPLAINT**

**INTRODUCTORY STATEMENT/NATURE OF THE ACTION**

This action is commenced by MICHAEL R. KNERR (hereinafter "KNERR" or "Plaintiff") against INTERVARSITY CHRISTIAN FELLOWSHIP/USA (hereinafter collectively referred to as "IVCF" or "the Employer" or "the Defendant"), in order to remedy and seek relief for defamatory, tortuous, and otherwise unlawful conduct by the Defendant.

**JURISDICTION AND VENUE**

1. Plaintiff invokes the jurisdiction of this Court on the basis of diversity of citizenship, pursuant to 28 U.S.C. Sec. 1332 *et seq.*, in that the parties are residents, are domiciled, and/or are incorporated in different states. Based on current good faith information and belief, the amount in controversy, exclusive of interest and costs, will exceed $75,000.00, or any other statutory minimum, vesting jurisdiction in this Court.

2. Venue is proper in this district pursuant to 28 U.S. C. 1391 (b) and (c) , because, *inter alia*:

a. the alleged unlawful practices occurred within the State of Rhode Island; and

b. Plaintiff was employed by Defendant in the State of Rhode Island; and Plaintiff would currently be enjoying all rights, benefits, and privileges of his employment, as a full-time employee of the Defendant, in the State of Rhode Island, but for the Defendant's unlawful employment practices.

## THE PARTIES

3. The Plaintiff, Michael R. Knerr ("Knerr" or "Plaintiff"), an individual, was a resident and domiciliary of the Town of West Kingston, Rhode Island, at the time of the events at issue in this Complaint.

4. On information and belief, the Defendant Intervarsity Christian Fellowship/USA is a foreign nonprofit corporation, maintaining an office and its principle place of business at 6400 Schroeder Road, PO Box 7895, Madison, Wisconsin 53707-7895. The Defendant administers a Christian student campus ministry, throughout the United States.

5. At all times material to this action, named or unnamed individuals referenced in this Complaint, served in the capacity of an agent, supervisor, manager, employee, representative, and/or director of the Defendant; acting within Defendant's direction, authority, and control; and on Defendant's behalf, and in furtherance of

Defendant's goals; and at all times was/is a person(s) acting in the interest of an employer, as pertinent to any claims asserted in this Complaint.

**FACTS APPLICABLE TO EACH COUNT**

6. Plaintiff began working for the Defendant during or about 1988.

7. Plaintiff most recently held the position of Campus Staff Member with the Defendant. In that capacity, Plaintiff's duties included assisting primarily graduate students at various institutions develop campus fellowship and Christian values within the parameters and guidelines espoused by the Employer.

8. On or about May 18, 2005, Plaintiff was terminated from his position.

9. Plaintiff's employment was administered pursuant to a written "one-year" employment document.

10. For several months prior to his termination, the Plaintiff attempted to resolve a dispute with his Employer, consistent with the requirements laid down in his employment document, without success.

11. The Defendant discharged the Plaintiff because he attempted to resolve a dispute with his Employer, pursuant to his existing employment agreement, and because he complained regarding defamatory statements made by the Defendant about him.

12. The Defendant disseminated a document entitled "Handling and Mishandling of the Spiritual Abuse in Southern New England by Charlie and Mike Knerr."

13. The document referenced in the preceding paragraph holds Plaintiff up to public contempt, ridicule, embarrassment, and humiliation for alleged conduct that has never been articulated with any specificity or substantiated in any way.

14. The Defendant disseminated a document entitled "Summary of SNE's Negative Impact on the Ministry in New England."

15. The document referenced in the preceding paragraph, and other statements, holds Plaintiff up to public contempt, ridicule, embarrassment, and humiliation for alleged conduct that has never been articulated with any specificity or substantiated in any way.

16. The conduct purporting to be referenced in the documents identified in paragraph 12 and 14 refers to alleged incidents or conduct occurring several years ago. There exists no reasonable basis to find that the alleged conduct by Plaintiff has any truth or validity in fact.

17. Throughout his employment, Plaintiff had always performed his job duties in an exemplary and conscientious manner.

18. Defendant breached its promises, commitments, and assurances to, and its contract with, the Plaintiff by failing and refusing to honor the terms of that contract and by terminating him.

19. At all times during the course of his employment, Plaintiff met or exceeded the Defendant's legitimate performance expectations, in all respects.

20. The Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law intended to prevent unlawful workplace treatment.

21. The Defendant has intentionally and/or negligently engaged in unlawful conduct that has been the proximate cause of severe damage to the Plaintiff in his personal and professional life.

22. The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected and/or contractual rights of the Plaintiff.

23. The wrongful actions by Defendant that Plaintiff complains of herein were taken without justification, excuse, or defense, but rather were taken in an intentional and purposefully discriminatory and unlawful manner, and/or negligently, and/or intentionally, with a disregard for the Plaintiff's statutory and/or contractual rights, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

**COUNT I**
**BREACH OF CONTRACT**

24. Paragraphs 1-23, above, are incorporated herein, by reference, in their entirety.

25. Plaintiff was a party to a contractual relationship with Defendant.

26. The explicit and/or implicit terms of the agreement(s) between the parties created mutual contractual obligations between the parties.

27. The contractual obligations of Defendant, referenced in the preceding paragraph, guaranteed to Plaintiff certain rights.

28. By refusing to honor and abide by its obligations under the contract between the parties, the Defendant has breached its contractual relationship with the Plaintiff.

29. The Defendant's breach of its contractual relationship with the Plaintiff has caused and will continue to cause the Plaintiff lost income, lost benefits, damage to his personal and professional reputations, and other damages.

WHEREFORE, Plaintiff prays that judgment be entered for Plaintiff and against the Defendant, and that he be awarded all damages and equitable relief requested, as hereinafter set forth.

**COUNT II**
**MISREPRESENTION**
**GOOD FAITH AND FAIR DEALING**

30. The allegations contained in Paragraphs 1-23, above, are incorporated herein, by reference, in their entirety.

31. In all contracts, there is an inherent covenant of good faith and fair dealing. The parties to a contract must deal with each other honestly and in good faith, not only with respect to the performance of the contract, but also in their enforcement of the terms of the contract

32. Defendant's bad faith and lack of fair dealing are evidenced by its refusal to be bound by its contractual obligations, and by its refusal to honor the terms of any such actual or implied contracts.

33. The Defendant misrepresented material term(s) and conditions of Plaintiff's employment, relating to the terms and conditions of his employment. The Defendant had no intention of honoring said terms, and did so only to induce the Plaintiff to accept and to perform duties in the Defendant's employ.

34. The Defendant has engaged in misrepresentation and have breached the covenant of good faith and fair dealing, in the formation of a contractual relationship with the Plaintiff and in failing to honor the terms and duties thereof.

WHEREFORE, Plaintiff prays that judgment be entered herein against the Defendant, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT III**
**UNLAWFUL RETALIATION**

35. Paragraphs 1-23, above, are incorporated herein by reference in their entirety.

36. Defendant retaliated against Plaintiff, by subjecting him to discriminatory terms and conditions of employment, and termination, because he sought to assert his legal rights and his rights under the pertinent contract.

37. As a result of the Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries,

humiliation, harm to his career, harm to his reputation, lost wages and severance benefits, lost opportunities for advancement, attorney's fees, and other damages.

WHEREFORE, Plaintiff prays that judgment be entered for Plaintiff and against the Defendant, and that he be awarded all damages and equitable relief requested, as hereinafter set forth.

**COUNT IV**
**DEFAMATION/DEFAMATION PER SE**

38. Paragraphs 1- 23 are incorporated herein in their entirety by reference. Defendant, by deliberate intent, communicated and published to third parties false and unprivileged written and oral statements regarding Plaintiff and his job performance.

39. These statements referenced in the preceding paragraph including but not limited to those contained in the published documents referenced in Paragraphs 12-15.

40. The defamatory statements made by Defendant are patently false, negatively impact on Plaintiff's standing in his personal and professional communities and irreparably affect Plaintiff's professional and personal reputations.

41. The Defendant's conduct towards the Plaintiff is defamation.

42. The Defendant's conduct towards the Plaintiff is *per se* in that it adversely

reflects on the Plaintiff's conduct in his business and profession and indicates that he is guilty of conduct involving moral turpitude.

43. On information and belief, the Defendant has publicized unprivileged statements regarding Plaintiff which Defendant knows to be untrue, for the sole and deliberate purpose of defaming Plaintiff or casting him in a false light, causing Plaintiff lost employment opportunities, humiliation, harm to his good and valuable reputation, and other harm.

WHEREFORE, Plaintiff prays that judgment be entered for Plaintiff and against the Defendant, and that he be awarded all damages and equitable relief requested, as hereinafter set forth.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendant institute and carry out practices, policies and programs which provide equal treatment to all employees;

b.) an order that the Defendant make whole the Plaintiff with appropriate benefits, bonuses, lost earnings, back-pay, front-pay, the value of other lost benefits, and interest subsumed by the contract at issue, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices and breach of contract;

c.) an order that the Defendant make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to his valuable reputation, in amounts to be determined at trial;

d.) an order that the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendant for their malicious conduct and/or for their reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Michael R. Knerr
By His Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250/ FAX 401-272-4520